**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Alexa Taylor<br>A5 Colonial Drive<br>Unit 9<br>Andover, MA 01810<br>        Plaintiff,<br>v.<br>Wayne Memorial Hospital<br>601 Park Avenue<br>Honesdale, PA 18431<br>        Defendant. | CIVIL ACTION NO.:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. This lawsuit involves a medical malpractice action that took place at Wayne Memorial Hospital, resulting in permanent and irreparable damage to Ms. Taylor after the delivery of her first child.

2. Plaintiff, Alexa Taylor, is an adult residing at the above address.

3. Defendant, Wayne Memorial Hospital (the Hospital), is a business entity and/or legal corporation which at all times material hereto owned, maintained, operated, and/or controlled a full service hospital located at the above address. At all times material hereto, this defendant employed as actual and/or ostensible agents, servants, workmen, and/or employees including Eric Rittenhouse, M.D., Patricia Konzman, CNM, and Christina Macdowell, CNM.

4. Consequently, by operation of law and specific to the laws of agency within the Commonwealth of Pennsylvania any liability-imposing conduct committed by Wayne Memorial Hospital, its agents (actual and/or ostensible), servants, workmen and/or employees, including physicians, residents, midwives, fellows, interns, physician assistants, nurses, aides, orderlies, technicians, medical students, attendants, and/or

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

any of the above-named physicians who rendered negligent medical care to Ms. Taylor during the course of her hospitalization and labor and delivery which imposes liability upon the defendant Wayne Memorial Hospital and the aforementioned defendants both directly and vicariously.

5. Plaintiff is asserting a professional liability action against the Hospital.

6. At all times relevant hereto, the hospital and its agents, servants, and/or employees owed Ms. Taylor the duty to render medical care in accordance with applicable standards of care as more fully articulated herein and defendants committed negligent medical care, sub-standard medical care, and care that increased the risk of permanent injury to her.

7. At all times relevant hereto, plaintiffs acted with due care and were not in any way contributorily and/or comparatively negligent.

8. The injuries and damages alleged in this Complaint were proximately caused by the negligence, carelessness, and tortious conduct of the Hospital, acting individually or through its respective agents, servants, and employees.

9. The acts, omissions, and other tortious conduct of the Hospital and its agents, servants and/or employees increased the risk of harm to Ms. Taylor, and were substantial contributing factors to, and a proximate cause of, her injuries.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, because the amount in controversy vastly exceeds the jurisdictional requirements to guarantee a jury trial, exclusive of interest and costs, and because the defendant has its principal place of business in state other than the state in which the plaintiff resides.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

2

TAYLOR V. WAYNE MEMORIAL HOSPITAL
PLAINTIFF'S COMPLAINT

This Court has personal jurisdiction over the defendants because all of the actions herein occurred in this judicial district.

## FACTS

11. On 12 March 2020 Ms. Taylor was admitted, in labor, to the Hospital. Ms. Taylor was 40 weeks gestation at the time and had been having contractions for approximately one hour.

12. After approximately 24 hours of pushing, Ms. Taylor vaginally delivered her son; this prolonged labor and ultimately vaginal delivery caused significant injury to Ms. Taylor's labia.

13. Prior to delivery, as noted in the medical records, Ms. Taylor was unable to continue and requested a cesarean section. She was, eventually, able to have a spontaneous vaginal delivery.

14. During the labor and delivery of her son, her left labia was torn and lacerated.

15. The medical records report that Patricia Konzman, CNM, was the attendant at the delivery and performed the labial repair.

16. Contrary to the reports in the medical records, Ms. Taylor was suffering from significant perineal pain due to the torn labia and subsequent repair.

17. At her first post-delivery visit, she complained that her stitches were not healing and that there was a distortion around the introitus and the clitoral area. She also complained of abnormal clitoral sensation.

18. Ms. Taylor continued to report significant pain on subsequent visits, as well as complaints of abnormal healing.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

3

TAYLOR V. WAYNE MEMORIAL HOSPITAL
PLAINTIFF'S COMPLAINT

19. On examination, the sutures were noted to be loose, and the appearance was such that Ms. Taylor was questioning whether a cosmetic repair could be performed.

20. As a result of this continued labial pain, Ms. Taylor underwent an examination for a repair procedure. The records noted that the external genitalia examination revealed "[Left labia minora in two sections – possibly not reapproximated after labor."

21. Ms. Taylor's labial pain continued to the point that she required gabapentin to manage it, and she continued to be concerned with the appearance. Months after the procedure to repair the torn labia, it was still noted to have a "… healed separation of the anterior portion of the labia from its original attachment beside the left clitoral hood" and it was tender to palpation.

22. To this day, Ms. Taylor continues to experience significant pain, discomfort, and disfigurement as a result of the labial tear and the improper repair.

23. The hospital's neglect, via its agents, servants and/or employees involved in Ms. Taylor's labor, delivery, and labial tear repair and management, increased the risk of harm to Ms. Taylor.

### COUNT I - NEGLIGENCE
### ALEXA TAYLOR v. WAYNE MEMORIAL HOSPITAL

24. Plaintiffs incorporate by reference the averments set forth in the prior paragraphs as though same were set forth herein at length.

25. Plaintiff Alexa Taylor was treated by Defendant Wayne Memorial Hospital in such a negligent and careless manner to cause serious bodily and emotional injuries to her.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

4

TAYLOR v. WAYNE MEMORIAL HOSPITAL
PLAINTIFF'S COMPLAINT

26. The negligence and carelessness of the defendant, Wayne Memorial Hospital, its agents, ostensible agents, servants and employees consisted of the following:

   a) Vicarious liability for its agents, servants and/or employees involved in Ms. Taylor's labor, delivery, and labial tear repair;

   b) Failure to provide properly selected, trained and supervised agents, ostensible agents, servants and employees to ensure proper knowledge of how to avoid a labial tear during this labor and delivery, as well as how to properly repair a torn labia so as to not result in chronic pain, abnormal sensation, and disfigurement;

   c) Failure to render reasonable medical care by failing to properly and adequately supervise the healthcare providers physician and non-physician members of Plaintiff's medical care team in the Labor and Delivery department;

   d) Failure to provide sufficient oversight of the attending obstetrician and midwives involved in Ms. Taylor's labor, delivery, and labial tear repair;

   e) Failure to render reasonable medical care by failing to provide appropriate post-operative medical examinations, evaluation and care;

   f) Failure in its duty to oversee all persons who practice medicine within its walls as to patient care and, more particularly, those healthcare providers involved in the March 12-13, 2020 labor and delivery of Ms. Taylor assigned to assist in the performance of plaintiff's labor, delivery, episiotomy and post-delivery and surgical care;

   g) failure to render reasonable medical care by failing to ensure the use of proper technique in the labor and delivery and/or labial repair procedure performed on Ms. Taylor;

   h) Failure to render reasonable medical care by failing to ensure a timely and technically sufficient repair of the vagina, perineum and surrounding pelvic structures caused during the March 12-13, 2020, labor and delivery;

   i) Failure to render reasonable medical care by failing to provide appropriate and necessary post-operative medical care prior to discharge;

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

5

TAYLOR V. WAYNE MEMORIAL HOSPITAL
PLAINTIFF'S COMPLAINT

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

j) Failure to conform to the requisite standard of medical care in the field of midwifery and/or obstetrics/gynecology so as to provide timely prophylactic management and avoid tearing of the vagina;

k) Failure to properly assess the fetus and to minimize the risk of vaginal tears during labor and delivery, including a failure to use proper delivery techniques to reduce the risk of vaginal tears;

l) Failure to timely refer plaintiff to specialist for care in recognition of defendant's agents, servants and/or employees' lack of skill, training, and expertise in the treatment of this condition.

26. As a direct and proximate result of the negligence and carelessness of the defendant, Wayne Memorial Hospital, Ms. Taylor suffered, *inter alia*:

a) vaginal deformity;

b) labial tearing;

c) loss of the normal appearance and function of the vagina;

d) inability to have sexual relations;

e) sensitivity of the clitoris and vagina;

f) pain in and around her vaginal and perineum structures upon any form of touch;

g) altered sensation in and about vagina;

h) injury to her nerves and nervous tissue;

i) disfigurement;

j) persistent pain and discomfort;

k) greater risk for future pregnancy complications;

l) medication side effects;

m) fear of becoming pregnant

n) severe pain and suffering

o) emotional distress.

27. As a further direct and proximate result of the negligence and carelessness of Defendant, Wayne Memorial Hospital, Ms. Taylor will most likely require additional hospitalization, surgical intervention, examinations, physical and/or occupational therapies, counseling, and prescription medications to treat her physical and emotional injuries.

28. As a direct and proximate result of the negligence and carelessness of the Hospital, Ms. Taylor will be required to expend various and diverse sums of money to cover her ongoing medical care and treatment and for other expenses directly associated with the efforts to cure the injuries she sustained at the hands of the defendants.

29. As a further direct and proximate result of the negligence and carelessness of the Hospital, Ms. Taylor has suffered the loss of the pleasures of her life and her ability to enjoy life.

30. As a further direct and proximate result of the negligence and carelessness of the Hospital, Ms. Taylor has suffered an interference in her intimate relations.

WHEREFORE, plaintiff hereby demands judgment against the Hospital in an amount that mandates a trial by jury, plus attorney's fees, costs and delay damages.

## NOTICE OF PRESERVATION OF EVIDENCE

Plaintiffs hereby demand and request that defendants take necessary action to ensure the preservation of all documents, communications, whether electronic or otherwise, items and things in possession and/or control by any party to this action, or any other entity over which any party to this action has control or from whom any party to this action has access to, any documents, items, or things which may in any manner be

The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA  19107
215.592.1000
215.592.8360 (fax)
www.beasleyfirm.com

7

Taylor v. Wayne Memorial Hospital
Plaintiff's Complaint

relevant to or relate to the subject matter of the causes of action and/or the allegations of this Complaint.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial of six jurors.

**THE BEASLEY FIRM, LLC**

By: */s/ James E. Beasley, Jr.*
JAMES E. BEASLEY, JR.

Dated:  11 March 2022

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

8

TAYLOR V. WAYNE MEMORIAL HOSPITAL
PLAINTIFF'S COMPLAINT