UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXA TAYLOR, | |
| Plaintiff, | CIVIL ACTION NO. 3:22-cv-00356 |
| v. | (SAPORITO, M.J.) |
| WAYNE MEMORIAL HOSPITAL, | |
| Defendant and Third-Party Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Third-Party Defendant. | |

## ORDER

Now before the court are two motions by the third-party defendant, United States of America: (a) a motion for partial dismissal of the complaint (Doc. 23); and (b) a motion for dismissal of the third-party complaint (Doc. 25). Both motions are fully briefed and ripe for decision.

The plaintiff, Alexa Taylor, filed a complaint against the defendant, Wayne Memorial Hospital (the "Hospital"), seeking to hold the Hospital liable for medical malpractice in connection with medical treatment provided by a physician and two nurse-midwives during and following

labor and delivery of her child. The complaint asserts a single count of negligence against the Hospital, apparently relying on three separate theories of liability: (a) vicarious liability under a *respondeat superior* theory, to the extent the medical providers were employees of the Hospital at the time; (b) vicarious liability under an ostensible agency theory, to the extent the medical providers were not employees of the Hospital at the time; and (c) direct liability under a corporate negligence theory. (Doc. 1.)

After answering the complaint, the Hospital filed a third-party complaint against the United States, asserting contribution and indemnification claims under the Federal Tort Claims Act. The third-party complaint alleged that the three individual medical providers were all employed by a federally funded community health center, and thus each was deemed an employee of the United States. (Doc. 12.)

The United States has moved for partial dismissal of the third-party complaint. The United States seeks dismissal of the Hospital's contribution and indemnity claims for lack of subject matter jurisdiction to the extent they sought recovery based on the plaintiff's corporate negligence claim, and for failure to state a claim to the extent they sought

recovery based on the plaintiff's *respondeat superior* and ostensible agency claims.

The United States also seeks partial dismissal of the underlying complaint against the Hospital, pursuant to Rule 14(a)(2)(C) of the Federal Rules of Civil Procedure. The United States seeks dismissal of the plaintiff's *respondeat superior* claim for lack of subject matter jurisdiction and her ostensible agency claim for failure to state a claim upon which relief can be granted. The United States does not seek dismissal of the plaintiff's corporate negligence claim.

In her brief in opposition, the plaintiff has focused her argument exclusively on her ostensible agency claim, making no mention whatsoever of any vicarious liability claim based on *respondeat superior*.[1] The filing of a brief in opposition to a motion to dismiss that fails to respond to a substantive argument to dismiss a particular claim results in the waiver or abandonment of that claim. *See Dreibelbis v. Scholton*, 274 Fed. App'x 183, 185 (3d Cir. 2008) (affirming district court's finding of waiver as to an argument where plaintiff had opportunity to address

---

[1] By contrast, the plaintiff's brief notes in the margin that the United States has not moved for dismissal of her direct liability claim based on a corporate negligence theory. (Doc. 30, at 10 n.1.)

it in his opposition brief but failed to do so); *Levy-Tatum v. Navient Solutions, Inc.*, 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016) (collecting cases); *D'Angio v. Borough of Nescopeck*, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999) (finding claims waived where plaintiff failed to address defendant's argument in his brief in opposition to a motion to dismiss); *see also LM Gen. Ins. Co. v. LeBrun*, 470 F. Supp. 3d 440, 460 (E.D. Pa. 2020); *Celestial Cmty. Dev. Corp. v. City of Philadelphia*, 901 F. Supp. 2d 566, 578 (E.D. Pa. 2012). Accordingly, the plaintiff's *respondeat superior* claim will be dismissed.

With respect to her ostensible agency claim, the plaintiff's brief in opposition relies extensively on facts not pleaded in the complaint, citing instead to medical records attached as exhibits to her brief. But we have excluded and decline to consider these additional materials in connection with the third-party defendant's dismissal motion. *See* Fed. R. Civ. P. 12(d). Moreover, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). The complaint itself alleges only that the medical treatment at issue occurred at the Hospital. It alleges no other facts in support of its conclusory allegation that the

individual medical providers were ostensible agents of the Hospital. Thus, we agree with the moving third-party defendant that the plaintiff's complaint fails to allege sufficient facts to state a plausible claim that the Hospital is vicariously liable for the negligence of the individual medical providers under an ostensible agency theory. Accordingly, the plaintiff's ostensible agency claim will be dismissed. The pleading defects appear amenable to amendment, however, so this claim will be dismissed with leave to file an amended complaint.

As noted above, the United States does not seek dismissal of the plaintiff's claim against the Hospital for direct liability under a corporate negligence theory. If an amended complaint is not filed, the corporate negligence claim against the Hospital will be permitted to proceed on the original complaint.

Finally, the third-party complaint is rendered moot by dismissal of underlying vicarious liability claims. *See Cowan v. Cooney & Conway, P.C.,* 181 F.3d 87 (table decision), 1999 WL 387461, at *2 n.* (4th Cir. 1999); *Jia v. Boardwalk Fresh Burgers & Fries, Inc.,* Case No. 8:19-cv-2527-VMC-CPT, 2021 WL 3493313, at *19 (M.D. Fla. Aug. 9, 2021), *appeal filed*, No. 21-13086 (11th Cir. Sept. 7, 2021); *Feingold v. Goddard,*

Civil Action No. 12–3442, 2014 WL 199860, at *2 (E.D. Pa. Jan. 16, 2014). Accordingly, the third-amended complaint will be dismissed as moot. As a consequence, the third-party defendant's motion to dismiss the third-party complaint is likewise moot.

For the foregoing reasons, **IT IS HEREBY ORDERED THAT**:

1. The United States' motion for partial dismissal of the complaint (Doc. 23) is **GRANTED**;

2. The plaintiff's vicarious liability claim against the Hospital based on a *respondeat superior* theory of liability is **DISMISSED** for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure;

3. The plaintiff's vicarious liability claim against the Hospital based on an ostensible agency theory of liability is **DISMISSED** for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

4. The stay imposed by our order of July 5, 2023 (Doc. 41) is **LIFTED** and the plaintiff's surviving direct liability claim against the Hospital based on a corporate negligence theory of liability shall proceed to discovery;

5.   The plaintiff is granted leave to file an amended complaint within **twenty-one (21) days** after entry of this order;

6.   The third-party complaint (Doc. 12) is **DISMISSED as MOOT**;

7.   As a consequence, the United States' motion for dismissal of the third-party complaint (Doc. 25) is **DENIED as MOOT**; and

8.   If an amended complaint is not timely filed, the United States shall be **TERMINATED** as a defendant to this action;

Dated: September 25, 2023        *s/Joseph F. Saporito, Jr.*
                                 JOSEPH F. SAPORITO, JR.
                                 United States Magistrate Judge